Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

*FILED FEB 28 2022 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.** Full Name And Prisoner Number of Plaintiff: NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. CHARLES STRAUSS 15B3329
2. _____

-VS-

**B.** Full Name(s) of Defendant(s) NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. RAYMOND COVENY, Superintendent Elmira C.F.
2. MATTHEW ROMA, D.D.S., Dentist at Elmira C.F.
3. D.A. POPOVICH, D.D.S., Dentist at Elmira C.F.
4. SHELLEY MALLOZZI, C.O.R.C., I.G.P. Director
5. RACHEL SEGUIN, C.O.R.C., I.G.P. Asst. Director
6. _____

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

_____

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

DEFENDANT'S INFORMATION  NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: __RAYMOND COVENY__

(If applicable) Official Position of Defendant: __SUPERINTENDENT ELMIRA CORRECTIONAL FACILITY__

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: __ELMIRA CORRECTIONAL FACILITY, 1879 DAVIS STREET, P.O. BOX 500, ELMIRA, N.Y. 14901__

Name of Defendant: __MATTHEW ROMA, D.D.S.__

(If applicable) Official Position of Defendant: __DENTIST, ELMIRA CORRECTIONAL FACILITY__

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: __ELMIRA CORRECTIONAL FACILITY, 1879 DAVIS STREET, P.O. BOX 500, ELMIRA, N.Y. 14901__

Name of Defendant: __D.A. POPOVICH, D.D.S.__

(If applicable) Official Position of Defendant: __DENTIST, ELMIRA CORRECTIONAL FACILITY__

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: __ELMIRA CORRECTIONAL FACILITY, 1879 DAVIS STREET, P.O. BOX 500, ELMIRA, N.Y. 14901__

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?
   Yes____  No __X__

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

## DEFENDANT INFORMATION

NAME OF DEFENDANT: SHELLEY MALLOZZI

OFFICIAL POSITION OF DEFENDANT: CENTRAL OFFICE REVIEW COMMITTEE, INMATE GRIEVANCE PROGRAM, DIRECTOR.

DEFENDANT IS SUED IN: INDIVIDUAL AND/OR OFFICIAL CAPACITY

ADDRESS OF DEFENDANT: THE HARRIMAN STATE CAMPUS
C.O.R.C.
1220 WASHINGTON AVENUE, BLDG. 2
ALBANY, N.Y. 12226


NAME OF DEFENDANT: RACHEL SEGUIN

OFFICIAL POSITION OF DEFENDANT: CENTRAL OFFICE REVIEW COMMITTEE, INMATE GRIEVANCE PROGRAM ASSISTANT DIRECTOR

DEFENDANT IS SUED IN: INDIVIDUAL AND/OR OFFICIAL CAPACITY

ADDRESS OF DEFENDANT: THE HARRIMAN STATE CAMPUS
C.O.R.C
1220 WASHINGTON AVENUE, BLDG. 2
ALBANY, N.Y. 12226

2A

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

  Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

  Disposition (check the statements which apply):

  ____ Dismissed (check the box which indicates why it was dismissed):

    ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    ____ By court for failure to exhaust administrative remedies;

    ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    ____ By court due to your voluntary withdrawal of claim;

  ____ Judgment upon motion or after trial entered for

    ____ plaintiff

    ____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

  Yes____ No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

  Plaintiff(s):_____

  _____

  Defendant(s):_____

  _____

2. District Court:_____

3. Docket Number:_____

4. Name of District or Magistrate Judge to whom case was assigned:_____

_____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

  Is it still pending? Yes____ No____

   If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

\_\_\_\_ Dismissed (check the box which indicates why it was dismissed):

    \_\_\_\_ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    \_\_\_\_ By court for failure to exhaust administrative remedies;

    \_\_\_\_ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    \_\_\_\_ By court due to your voluntary withdrawal of claim;

\_\_\_\_ Judgment upon motion or after trial entered for

    \_\_\_\_ plaintiff

    \_\_\_\_ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

4

A. **FIRST CLAIM:** On (date of the incident) <u>SEE ATTACHED STATEMENT OF FACTS</u>,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

_____

_____

did the following to me (briefly state what each defendant named above did): _____

_____

_____

_____

_____

_____

_____

_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: <u>8TH Amendment violation, Denial of medical treatment</u>

The relief I am seeking for this claim is (briefly state the relief sought): <u>Compensatory and Punitive damages in the amount of $45,000.00</u>

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? __X__ Yes _____ No  If yes, what was the result? <u>Granted to the extent grievant deserves proper dental care and to speed up medical attention (Decision Attached).</u>

Did you appeal that decision? __X__ Yes _____ No  If yes, what was the result? <u>Granted to the extent that grievant was treated on 9/14/17 and 10/20/17 and scheduled for future appointment (Decision Attached)</u>

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

_____

A. **SECOND CLAIM:** On (date of the incident) _____,
defendant (give the **name and position held** of **each defendant** involved in this incident) _____

_____

_____

5

did the following to me (briefly state what each defendant named above did): _____

_____
_____
_____
_____
_____
_____
_____
_____

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _____

_____

The relief I am seeking for this claim is (briefly state the relief sought): _____

_____

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? _____ Yes _____ No   If yes, what was the result? _____

_____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

_____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Compensatory and Punitive damages in the amount of $45,000.00

_____
_____
_____

Do you want a jury trial? Yes  X   No ____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   2/11/22
                  (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

                            [signature] PRO-SE
                        Signature(s) of Plaintiff(s)

## STATEMENT OF FACTS
### (LETTERS IN PARENTHESES INDICATE EXHIBITS)

1. On November 9, 2015 plaintiff, Charles Strauss, was received at Elmira Correctional Facility Reception Center under DIN 15B3329.

2. During that intake plaintiff advised medical and dental staff of several painful cavities and missing fillings that required dental treatment. (A).

3. On April 13, 2016, plaintiff was seen by Elmira dental at which time x-rays and exams were performed along with a cleaning.

4. On April 14, 2016, on information and belief of plaintiff's dental treatment record, dentist D.A. Popovich, D.D.S., reviewed plaintiff's exams and x-rays and placed plaintiff on a list for future dental procedures. (A).

5. Between April 13, 2016, and December 2016, plaintiff wrote to the Elmira dental department requesting that he be provided dental treatment because the cavities and missing fillings had not been treated and were causing substantial pain. (B).

6. On or about December 21, 2016, petitioner was on a court trip to Onondaga County, and at this time the lower left molar, tooth #18, broke off at the gumline leaving the roots of the tooth exposed and severely painful.

7. Tooth #18 was previously identified during the exams and x-rays as having a missing filling and large cavity that required dental treatment. (A).

8. On December 27, 2016, plaintiff was returned from the court trip back to Elmira Correctional Facility.

1.

9. Plaintiff did not receive any dental treatment for the broken tooth while at Onondaga County Justice Center as he was scheduled to return to Elmira C.F. before he could be seen by a dentist at Onondaga County.

10. On December 28, 2016, plaintiff requested emergency dental service to extract the broken tooth and went to the dental office at Elmira C.F.

11. During the emergency dental plaintiff was seen by a dental assistant and informed that extractions were done only at Auburn C.F. and that he would be referred to the Elmira dentist to schedule the extraction.

12. Before leaving the emergency dental visit the dental assistant placed a temporary filling over the exposed roots of tooth #18.

13. On January 24, 2017, plaintiff again requested emergency sick call because the temporary filling on tooth #18 fell out causing severe pain and difficulty eating and drinking. Plaintiff was seen by dentist D.A. Popovich, D.D.S., who put another temporary filling over the exposed roots of the broken tooth. (A).

14. On January 24, 2017, plaintiff was informed by dentist D.A. Popovich, D.D.S., that he was submitting a dental referral to have tooth #18 extracted and that the extraction would be done in about two weeks from that date.

15. On April 20, 2017, plaintiff wrote to Elmira C.F. dental office requesting an immediate appointment to extract tooth #18 because the temporary filling fell out again and was causing a great deal of pain. (C).

2.

16. On August 22, 2017, plaintiff informed Dr. Ott during a medical appointment that he had a broken tooth (#18) that had not been treated in almost eight months despite the dental department being aware of the problem. Dr. Ott noted the molar pain in plaintiff's records and requested a dental evaluation. (D).

17. On September 14, 2017, plaintiff was seen by dentist Matthew Roma, D.D.S., at Elmira C.F. and was informed that a referral would be made to extract teeth #18 and #17 which was to occur in about one week. (A).

18. On September 18, 2017, on information and belief of D.O.C.C.S. health services system Request and Report of Consultation form, an initial referral for extraction of tooth #18 was made by Matthew Roma, D.D.S. (E).

19. That the referral request also requested that tooth #13 be extracted even though plaintiff did not complain of any pain caused by #13.

20. That from December 2016 until September 18, 2017, no other referral for extracting tooth #18 was made by Matthew Roma, D.D.S., or D.A. Popovich, D.D.S., despite knowing the tooth had broken off at the gumline on or about December 28, 2016, when plaintiff first received a temporary filling during emergency sickcall.

21. On October 20, 2017, plaintiff went to Auburn C.F. and at that time based on the referral of September 18, 2017, teeth #18 and #13 were extracted. (F).

22. That from November 2015 to October 20, 2017, a period of 23 months dentists Matthew Roma, D.D.S., and D.A. Popovich, D.D.S.,

3.

were aware of plaintiff's dental problems requiring fillings for cavities and extractions of non-restorable teeth based upon the exams and x-rays and their personal notations in plaintiff's dental records. **(A)**.

23. That dentists Matthew Roma, D.D.S., and D.A. Popovich, D.D.S., knew that plaintiff's dental problems constituted a serious medical condition that caused pain and degeneration based upon their professions as dentists and experiences with other patients with similar dental problems, as well as personal experience with the commonality of cavities and extraction of teeth.

24. That Raymond Coveny, Superintendent of Elmira Correctional Facility, created a custom or policy that prolonged plaintiff's pain and receipt of dental treatment by failing to act upon an ongoing and frequently grieved dental department that was not providing adequate dental treatment.

25. That Raymond Coveny personally knew that the dental department was inadequate in providing treatment because he personally responded to plaintiff's grievance, as well as other grievances that raised the same issue. **(G)**.

26. That Raymond Coveny personally could have acted to prevent prolonging dental treatment at Elmira C.F. by implementing a directive or memorandum requiring the dentists to prioritize painful or serious dental problems, and/or sought assistance from the Commissioner of Corrections to implement a system of adequate dental treatment for the inmates under his care.

27. That Shelley Mallozzi and Rachel Seguin of the Central Office Review Committee for the Inmate Grievance Program created a custom or policy that prolonged plaintiff's pain and

4.

receipt of dental treatment by failing to act upon an ongoing and frequently grieved dental department that was not providing adequate dental treatment.

28. That Shelley Mallozzi and Rachel Seguin knew that the dental department was inadequate in providing treatment because they personally responded to plaintiff's grievance, as well as other grievances that raised the same issue. (H).

29. That Shelley Mallozzi and Rachel Seguin personally could have acted to prevent prolonging dental treatment by implementing a directive or memorandum requiring the dentists at Elmira C.F. to prioritize painful or serious dental problems, and/or sought assistance from the Commissioner of Corrections to implement a system of adequate dental treatment for the inmates under his care.

30. That Raymond Coveny, Matthew Roma, D.A. Popovich, Shelley Mallozzi and Rachel Seguin had duties and obligations in their individual and official capacities to ensure that plaintiff received adequate dental treatment while in the custody of the department of corrections.

31. On November 1, 2017, plaintiff filed grievance #EL-48042-17, grieving the denial of medical/dental treatment from November 2015 to October 20, 2017, and that a lower left molar (tooth #18) broke in December 2016 and did not get removed until October 20, 2017. (I).

32. On November 17, 2017, plaintiff's grievance was granted to the extent that "the grievant deserves proper dental care. Furthermore, we think that something needs to be done to speed up the

5.

process of getting these men sooner attention as some have been without attention for some time and in this case the grievant has been in pain through all of it. While we are not medical, they still deserve attention in a prompt manner. Dr. Roma has reviewed the grievant's folder and he is on the list to be seen." (J).

32. On November 27, 2017, the grievance decision was forwarded to plaintiff. (J).

33. On November 28, 2017, plaintiff agreed with the I.G.R.C. response and appealed to Superintendent Raymond Coveny. (J).

34. On December 5, 2017, Superintendent Raymond Coveny responded that plaintiff was treated on 9/14/17 and again on 10/20/17 and was scheduled for a future appointment and that the grievance was granted to that extent. (K).

35. On December 8, 2017, plaintiff appealed the Superintendent's response to Central Office Review Committee (C.O.R.C.). (K).

36. On December 18, 2017, Elmira C.F. Inmate Grievance Resolution Committee (I.G.R.C.) forwarded plaintiff's appeal to C.O.R.C. (K).

37. On December 22, 2017, plaintiff's appeal was received by C.O.R.C. I.G.P. Director Shelley Mallozzi. (L).

38. On April 16, 2019, plaintiff received the appeal decision from C.O.R.C. director Shelley Mallozzi. (M).

39. Between December 22, 2017, and April 16, 2019, plaintiff wrote C.O.R.C. requesting a swifter decision on the appeal. (H).

6.

40. In response to plaintiff's letters to C.O.R.C. Rachel Seguin responded that plaintiff would receive a decision once the matter was reviewed and that decisions are issued in the order that the grievances are received by C.O.R.C. (H).

41. The time period from November 1, 2017, until April 16, 2019, constitutes excludable time in calculating the three year statutory time limit for filing the action relevant hereto, as this time encompassed the P.L.R.A. required exhaustion of administrative remedies with the initial grievance filed on November 1, 2017, then appealed to the Superintendent on November 28, 2017, then appealed to C.O.R.C. on December 8, 2017, and the C.O.R.C. decision was received by Plaintiff on April 16, 2019. (I, J, K, L, M).

42. This action accrued on October 20, 2017, after an ongoing and continuing harm was treated on that date by plaintiff receiving adequate dental treatment in which a broken tooth (#18) that was causing severe pain was extracted. (F).

I, Charles Strauss, have read the foregoing statement of facts and swear the contents are true and accurate to the best of my knowledge, except to matters based on information and belief, and as to those matters I believe them to be true and accurate.

Respectfully,

Charles Strauss

Dated: January 27, 2022

SWORN TO BEFORE ME
THIS 11 DAY OF FEBRUARY 2022.

Brian Hembrook
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HE6342568
Qualified in Erie County
Commission Expires 05/31/2024

7.